## The York Bank & Trust Company v. Miller

*John M. Garber,* for plaintiff.
*Steve C. Nicholas,* for defendants.

MORGAN, *J.,* January 27, 1984—Defendants have moved to strike a default judgment on the grounds that the plaintiff failed to give the ten day notice of its intention to praecipe for such judgment as required by Pa.R.C.P. 237.1.

The relevant facts are as follows:

By written agreement, defendants became the guarantors for repayment of a loan of $100,000 made on May 6, 1981 by plaintiff to a corporation, Norman C. Miller & Sons, Inc., on which the latter subsequently defaulted. On November 2, 1982,

plaintiff advised defendants of the default in a letter captioned "Notice of Intention to Foreclose", the form of which was that required by Section 403 of the Act of January 30, 1974, P.L. 13, No. 6; 41 P.S. §403 relating to the notice to be given of intention to exercise remedies under a residential mortgage obligation. On January 20, 1983, defendants were served with the within complaint in assumpsit to enforce the guaranty agreement and on February 24, 1983, defendants having failed to Answer, plaintiff took judgment for $131,636.95. No notice of intention to enter the default judgment was given under Pa.R.C.P. 237.1. which provides:

"(a) No judgment by default shall be entered by the Prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten (10) days prior to the date of the filing of the praecipe. . . ."

Plaintiff argues that it was not required to give notice under Pa.R.C.P. 237.1. because subsection (b) of that Rule provides that it ". . . does not apply to . . . any action subject to the provisions of Act No. 6 of 1974, P. L. 13, 41 P.S. §101, et seq." and that the within complaint was filed in accordance with Section 407 of that Act and the "Notice of Intention to Foreclose" was given as required by Section 403.

Assuming, as plaintiff alleges, that this action was filed pursuant to Section 407 which precludes recourse against residential real property on a judgment by confession until an original action has been prosecuted and judgment obtained, plaintiff was not thereby relieved from the notice requirements of Pa.R.C.P. 237.1(a) unless this action was subject to the provisions of Section 403 of Act No. 6 of 1974.

It plainly was not. Section 403 relates only to the notice a lender is required to give a debtor of an intention to exercise remedies under a residential mortgage obligation. Defendant's guaranty agreement does not fall within the definition of such an obligation because, among other reasons, it secured a principal amount exceeding $50,000 and was not a lien upon real estate. Accordingly, Pa.R.C.P. 237.1 was applicable to the within proceeding and plaintiff failed to comply with it.

For the foregoing reasons, we enter the following

## ORDER

And now, January 27, 1984, the judgment entered by default herein is stricken.